UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LESTER LEE SCARBROUGH, JR.,

                              Plaintiff,

   -v.-                                            9:10-CV-0901
                                                   (TJM)(DRH)

STEVEN D. THOMPSON, *et al.*,
                              Defendants.

---

APPEARANCES:                                   OF COUNSEL:

LESTER LEE SCARBROUGH, JR.
08-B-0351
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953
Plaintiff, *pro se*

HON. ERIC T. SCHNEIDERMAN          MICHAEL G. MCCARTIN, Esq.
Attorney General of the State of New York   Assistant Attorney General
Albany Office
The Capitol
Albany, New York 12224
Attorney for the Defendants

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

      Plaintiff Lester Lee Scarbrough commenced this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Dkt. No. 1. In his amended complaint, which is the operative pleading, plaintiff asserts that while he was incarcerated at Upstate Correctional Facility ("Upstate"), defendants subjected him to excessive force and were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution. Dkt. No. 37.

      Currently before the Court for review is plaintiff's motion for injunctive relief. Dkt. No. 54. In

his motion, plaintiff alleges that on February 8, 2011, when he was returning to Upstate from an outside medical appointment, he was assaulted by numerous Upstate correctional officers and then denied medical treatment for his injuries suffered during the assault. *Id*. at 1-3. On July 21, 2011, plaintiff did not go to his scheduled eye appointment because he feared if he went on an outside trip, he would be "attacked again." *Id*. at 2. Plaintiff fears future assaults and claims that he is "unable to receive scheduled outside medical treatment for [his] serious medical needs." *Id*. at 3. Plaintiff requests a Court order directing his transfer out of Upstate to another correctional facility. *Id*. Defendants oppose the motion for injunctive relief asserting that: (1) plaintiff has failed to establish that he is entitled to injunctive relief, (2) plaintiff has no right to a transfer to a different facility, and (3) plaintiff is not entitled to obtain injunctive relief against non-parties. Dkt. No. 57. In reply to defendants' response, plaintiff asserts that he also requests a court order directing defendants to provide him with needed medical and mental health treatment, preferably through an "outside/independent medical review." Dkt. No. 60 at 1. In further support of his motion, plaintiff alleges that he fears for his life while he remains at Upstate because he has "been continuously put in life threatening situations 'caused' by the defendants." Dkt. No. 62.

   A preliminary injunction is an "extraordinary remedy that should not be granted as a routine matter." *Patton v. Dole*, 806 F.2d 24, 28 (2d Cir. 1986). In most cases, to warrant the issuance of a preliminary injunction, a movant must show (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in favor of the moving party. *See D.D. ex rel. V.D. v. N. Y. City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (quotation omitted). "The purpose of issuing a preliminary injunction is to 'preserve the status quo and prevent irreparable harm until the court has an opportunity

to rule on the . . . merits.'" *Candelaria v. Baker*, No. 00-CV-0912E, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).  However,

> where an injunction is mandatory – that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act – the moving party must meet a higher standard than in the ordinary case by showing "clearly" that he or she is entitled to relief or that "extreme or very serious damage" will result from a denial of the injunction. . . .

*Phillip v. Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997) (internal citations and quotation omitted); *see also Jolly v. Coughlin*, 76 F.3d 468, 473-74 (2d Cir. 1996) (holding that a party seeking a mandatory injunction must make a "clear" or "substantial" showing of the likelihood of success, as well as irreparable harm should the injunction not be granted) (quotation omitted).  The same standards govern consideration of an application for a temporary restraining order.  *Perri v. Bloomberg*, No. 06-CV-403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008) (citing *Therrien v. Martin,* No. 3:07-cv-1285 (JCH), 2007 WL 3102181, at *5 (D.Conn. Oct. 19, 2007)).

      The district court has wide discretion in determining whether to grant a preliminary injunction. *Moore v. Consolidated Edison Co. of New York, Inc*.,  409 F.3d 506, 511 (2d Cir. 2005).  "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons."  *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

      "The Second Circuit has defined 'irreparable harm' as 'certain and imminent harm for which a monetary award does not adequately compensate,' noting that 'only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.'" *Perri*, 2008 WL 2944642, at * 2 (citing *Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,* 339 F.3d 101,

3

113-14 (2d Cir. 2003)); *see also Kamerling v. Massanari,* 295 F.3d 206, 214 (2d Cir. 2002) ("To establish irreparable harm, a party seeking preliminary injunctive relief must show that there is a continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation.") (internal quotation omitted).  Speculative, remote or future injury is not the province of injunctive relief.  *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983); *see also Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. Jul. 3, 2008) (citation omitted) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages.").  In the context of medical care claims, a "[p]laintiff must therefore show that he has a medical condition which is likely to become significantly worse without some definite course of treatment."  *Garcia v. Arevalo,* No. 93 CIV. 8147*,* 1994 WL 383238, at *1 (S.D.N.Y. Jun. 27, 1994).

Having reviewed plaintiff's motion seeking injunctive relief (Dkt. No. 54), together with his supplemental submissions (Dkt. Nos. 60, 62), for the reasons that follow, the Court finds that plaintiff has not met the requirements for the grant of injunctive relief.

Plaintiff's allegation that he fears that he will be subject to future harm if he stays at Upstate is not sufficient to demonstrate irreparable harm.  *Lyons*, 461 U.S. at 111-12 (Speculative, remote or future injury is not the province of injunctive relief.).  However, construing his submissions liberally, as the Court must do,[1] plaintiff also alleges that he is being denied adequate treatment for his serious medical conditions in violation of the Eighth Amendment.  Since an alleged violation of a constitutional right "triggers a finding of irreparable harm," the Court will presume for purposes of this motion that

---

[1] *See Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (A document filed *pro se* is to be liberally construed.).

plaintiff satisfies the requirement that a party applying for a preliminary injunction show irreparable harm. *Jolly*, 76 F.3d at 482; *see also Statharos v. N. Y. City Taxi & Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) (holding that, "[b]ecause plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary").

The Court must now determine whether plaintiff meets the second test for the granting of preliminary injunctive relief. In this case, since plaintiff seeks to change the status quo by requiring his transfer to another facility and treatment by outside medical providers, his motion may be properly characterized as one seeking mandatory injunctive relief. As such, plaintiff must meet a higher standard of proof; he must demonstrate a "clear" or "substantial" likelihood of success on the merits of his claims. *See Jolly*, 76 F.3d at 473. Here, plaintiff has submitted only his own affidavits containing his request for injunctive relief and the reasons why he believes his request should be granted. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Resources, Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Additionally, to the extent that plaintiff seeks a Court order directing that he be transferred to a new facility, the law is clear that an inmate does not have a right to be confined to the prison of his own choosing or to a particular type of housing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (inmates have no right to be confined in a particular state or particular prison within a given state); *Montayne v. Haymes*, 427 U.S. 236, 243 (1976) (New York state prisoners have no right to incarceration at a particular prison facility); *Klos v. Haskell*, 835 F. Supp. 710, 723 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995) (citing cases). Moreover, the New York State Department of

Corrections and Community Supervision has "broad leeway in deciding where to house the inmates under its protective care." *McFadden v. Solfaro*, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998); *see also Meachum v. Fano*, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the states"). Thus, there is no legal basis for this Court to order that plaintiff be transferred to a new facility.

For the foregoing reasons, plaintiff's request (Dkt. No. 54) for injunctive relief is **denied**.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for injunctive relief (Dkt. No. 54) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice.

Dated: November 11, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge