UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LESTER LEE SCARBROUGH, JR.,

                           **Plaintiff,**

   v.                                                       9:10-CV-901

STEVEN D. THOMPSON, Sergeant, Upstate
Correctional Facility; TIMOTHY ARQUITT,
Correctional Officer, Upstate Correctional Facility;
THOMAS SMITH, Correctional Officer, Upstate
Correctional Facility; BRIAN GARY, Correctional
Officer, Upstate Correctional Facility; BRUCE
TRUAX, Correctional Officer, Upstate Correctional
Facility; BRYAN CLARK, Correctional Officer,
Upstate Correctional Facility; PAUL BURGESS;
ROBERT H. REYNOLDS; JOHN MATEJAIK;
STEVEN SALLS; THOMAS QUINN; DONALD
QUINN; GARY GETTMANN; MARLA TRAVERS;
and DAVID ROCK,

                           **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

**I.    INTRODUCTION**

This pro se action brought pursuant to 42 U.S.C. § 1983 was referred by this Court

to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and

Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y. 72.3(c).

In his December 12, 2012 Report-Recommendation and Order, Magistrate Judge

1

Hummel recommends that defendants' motion for summary judgment (Dkt. No. 76) be DENIED as to Scarbrough's excessive force claims against defendants Thompson, Arquitt, Smith, Gary, Truax, and Clark; and GRANTED as to all other claims and all other moving defendants, with the exception of the retaliation claim against defendant Gary,[1] and that the complaint be DISMISSED with prejudice as to those defendants. Plaintiff has filed objections to Magistrate Judge Hummel's recommendations. See Dkt. No. 95. In the document, Plaintiff also appears to appeal from a November 11, 2011 decision from retired-Magistrate Judge David Homer that granted in part and denied in part Plaintiff's motion to compel certain discovery. See Dkt. No. 72.

## II.    STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1)(C); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Machicote v. Ercole, 2011 WL 3809920, at * 2 (S.D.N.Y., Aug. 25, 2011)(citations and interior quotation marks omitted); DiPilato v.

---

[1] Magistrate Judge Hummel notes that, in their motion papers, defendants do not address Scarbrough's retaliation claim against Gary. Rep. Rec. p. 12.

2

7-Eleven, Inc., 662 F. Supp.2d 333, 340 (S.D.N.Y. 2009)(same).

General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. Farid v. Bouey, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see Frankel v. N.Y.C., 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Plaintiff does not make specific objections to Magistrate Judge Hummel's report, but instead attempts to re-argue the motion making the same arguments presented to the magistrate judge. Accordingly, the Court reviews the Report-Recommendation and Order for clear error and finds none. The Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his thorough report.

Inasmuch as Plaintiff's objections can be read as including an appeal from a November 11, 2011 discovery order, see Dkt. No. 72, the appeal is denied as untimely. See Fed. R. Civ. P. 72(a).

## IV. CONCLUSION

For the reasons discussed above, the Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his report. Accordingly, defendants' motion for summary judgment (Dkt. No. 76) is DENIED as to Scarbrough's excessive force claims against defendants Thompson, Arquitt, Smith, Gary, Truax, and Clark; and

3

GRANTED as to all other claims and all other moving defendants, with the exception of the retaliation claim against defendant Gary,[2] and that the complaint is DISMISSED with prejudice as to those defendants and those claims.

Inasmuch as Plaintiff's objections can be read as including an appeal from a November 11, 2011 discovery order, see Dkt. No. 72, the appeal is denied as untimely. See Fed. R. Civ. P. 72(a).

**IT IS SO ORDERED.**

**Dated:** March 15, 2013

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2]The Court agrees with Magistrate Judge Hummel that because defendants did not address the retaliation claim against defendant Gary in their motion papers, this claim survives.